## THE FELICIA.

### Application of THOMPSON.
### No. 3009.

District Court, E. D. New York.
Sept. 25, 1933.

Louis J. Castellano, of Brooklyn, N. Y., for petitioner.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for respondent.

BYERS, District Judge.

This is a motion made September 20, 1933, to suppress evidence, by a defendant who has been held by a United States Commissioner upon a complaint verified August 19, 1933, by a boatswain's mate in the Coast Guard, but no information or indictment has been filed.

The petitioner was acting as master of the pleasure motor yacht Felicia on August 18, 1933, when at about 10 a. m. (the vessel being in the vicinity of Little Gull Light in the eastern end of Long Island Sound) she was signaled to stop by the Coast Guard patrol boat No. 176, and obeyed.

A petty officer came aboard and asked the petitioner for permission to search the vessel, and was told to "go ahead." The search proceeded without objection, and resulted in the discovery below decks, in a space forward of the engine room, of a considerable quantity of bottles labeled to indicate intoxicating liquors, contained in burlap sacks.

All on board (about 10 men and 2 women) were placed under arrest; the vessel was seized and taken to New London, where Base 4 of the Coast Guard is located.

The boarding was made after advices had been received at the Base, that the Felicia was said to have come into the Sound past Montauk Point on June 24, 1933, and to have unloaded a quantity of intoxicating liquor.

■ The affidavit of the officer in charge of Coast Guard 176 states that he had been told that the vessel had been engaged in smuggling operations, and the source of the information is somewhat disclosed in the moving papers.

The complaint under which the Commissioner held the petitioner and the other de-

fendants alleges that the defendants conspired to violate section 593 (a) and (b) of the Tariff Act of 1930, 19 USCA § 1593 (a, b), as well as certain provisions of the National Prohibition Act (27 USCA § 1 et seq.).

United States v. Powers (D. C.) 1 F. Supp. 458, is cited as indicating why this motion should be granted. It is thought that the cases are to be distinguished upon the facts.

It was sought to be shown, in that opinion, that the affidavits clearly revealed that the only purpose attributable to the officers of the Coast Guard was a search upon which to base a claim for prohibition law violation on the part of a fishing vessel, and that no reasonable cause to make the search was shown.

Here the conduct of the boarding officer, and the averments in the opposing affidavits are entirely consistent with a search undertaken to ascertain if the Felicia was in fact engaged in smuggling operations. Certainly it cannot be said that the contrary so clearly appears that the court would be justified in disposing of the motion upon that theory.

The authority of the Coast Guard to board American vessels in order to detect and frustrate smuggling cannot be questioned in the light of all that has been enacted and decided on the subject. Nor is it likely that the immediate or remote future will render this exercise of governmental function any less important than it is now.

In denying the motion, the right. is reserved to renew upon the trial, if any, if the defendants be so advised.

Settle order.